IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jesse A. Fielden,

    Plaintiff,                         Case No. 2:03-cv-995

  v.                                          Judge Graham

CSX Transportation, Inc.,

    Defendant.

**OPINION AND ORDER**

    This matter is before the court on defendant's posttrial motion for judgment as a matter of law, and/or for a new trial, and/or remittitur. The motion has been briefed by the parties and is now ripe for disposition.

    Plaintiff initiated this action by filing a complaint, pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq., alleging that defendant was negligent in failing to provide him with a reasonably safe place within which to work, and that he was injured as a result of defendant's negligence. More particularly, plaintiff alleged that defendant assigned him to duties which defendant knew, or, in the exercise of reasonable care, should have known, were beyond his physical capacity or would otherwise cause injury to him, and that defendant's negligence caused injury to his hands and wrists. Defendant asserted that it was not negligent and plaintiff was not injured as a result of any negligence by the defendant. The matter proceeded to trial in May 2009. After plaintiff presented his case to the jury, defendant moved for judgment as a matter of law pursuant to Fed. R. Civ. P.

1

50(a). The court denied the motion, and the matter was submitted to the jury. The jury rendered a verdict in favor of the plaintiff.

Pursuant to Fed. R. Civ. P. 50(b), defendant renews its motion for judgment as a matter of law, and also requests a new trial under Fed. R. Civ. P. 59. A Rule 50(b) motion may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party. Gray v. Toshiba America Consumer Products, Inc., 263 F.3d 595, 598 (6th Cir. 2001). This standard also applies to the granting of a motion under Fed. R. Civ. P. 50(a) for judgment as a matter of law at the close of evidence. See Keeton v. Flying J, Inc., 429 F.3d 259, 262 (6th Cir. 2005).

Defendant presents two grounds in support of its renewed motion for judgment as a matter of law. First, defendant argues that plaintiff failed to present sufficient evidence to establish that he complied with FELA's three-year statute of limitations. Second, defendant argues that plaintiff failed to present sufficient evidence to establish the elements of negligence. These arguments were raised when defendant moved for judgment as a matter of law prior to the submission of the case to the jury, and they were addressed and rejected by the court at that time.

The court adheres to its conclusion that defendant is not entitled to judgment as a matter of law. Simply stated, the evidence at trial, when viewed in a light most favorable to plaintiff, supported a finding of negligence and the finding that the lawsuit was not barred by the FELA statute of limitations. The evidence reasonably indicated that, even though plaintiff

experienced symptoms with his hands prior to October 29, 2000, or three years before the filing of the lawsuit, the condition plaintiff experienced with his hands on or after July 2001 was not the result of the ordinary progression of his pre-existing carpal tunnel syndrome, but was a new and separate injury to his hands. Thus, evidence supported a finding that the lawsuit was filed within the period of time prescribed by the applicable statute of limitations.

Plaintiff testified that he sustained significant injury to his hands and wrists after being assigned to operate a plate jack machine, and that he repeatedly complained, without avail, to his supervisor about his discomfort and his inability to properly operate the machine due to his physical characteristics. Evidence demonstrated that a plate jack machine operator uses the specialized machine to raise a rail enough to enable the operator to push a metal plate under the rail, and that this procedure is repeated a few thousand times per day and requires the use of certain hand movement and gripping by the operator. Furthermore, the testimony of plaintiff's physicians explained the nature and treatment of carpal tunnel syndrome and how sustained grip activity aggravates carpal tunnel syndrome. Based on their treatment of plaintiff, these physicians opined that plaintiff's condition was work-aggravated. Plaintiff's testimony, combined with the testimony of the physicians, satisfied the "relaxed" standard of causation applicable in FELA cases and supported a finding that defendant's negligence caused injury to plaintiff.

For these reasons, and the reasons articulated by the court on the record at trial in regard to defendant's motion for judgment as a matter of law, the court denies defendant's renewed motion for

judgment as a matter of law.

Defendant sets forth six grounds for a new trial. First, defendant argues that the jury's finding that plaintiff complied with the FELA statute of limitations was against the weight of the evidence. Second, defendant argues that the jury's finding that plaintiff's injuries were caused, or aggravated by, defendant's negligence was against the weight of the evidence. Third, defendant argues that the court erred in denying its motions to preclude the testimony of Dr. Thomas Fischer and Dr. David Southwick. Fourth, defendant argues that the court erred in rejecting its proposed instructions on proximate cause. Fifth, defendant argues that the court erred in rejecting its proposed instructions on apportionment of damages. Sixth, defendant argues that the amount of the jury verdict was excessive and against the weight of the evidence.

As to defendant's request for a new trial, the court first addresses defendant's challenge to the court's ruling on its motions, filed April 7, 2009, to preclude the testimony of Dr. Fischer and Dr. Southwick. Plaintiff filed a response to the motions on April 15, 2009. At the final pretrial conference held on April 17, 2009, the parties were given the opportunity to present their respective arguments as to defendant's motions in limine. Upon considering the arguments relating to the motions in limine, the court orally denied the motions and articulated its reasons for the denial on the record. Shortly thereafter, the court filed an order denying the motions. Defendant has presented no new argument that would cause the court to resolve that its earlier decision on this matter was in error.

The court also finds as unpersuasive defendant's argument that

the jury's verdict was against the weight of the evidence as it relates to the jury's findings as to the FELA statute of limitations and defendant's negligence.  A motion for new trial should be denied "if the verdict is one which could reasonably have been reached."  Woodbridge v. Dahlberg, 954 F.2d 1231, 1234 (6th Cir. 1992).  "[A] verdict is not unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable."  Id.

In support of its motion, defendant points to the fact that evidence indicated that plaintiff experienced symptoms with his hands prior to October 29, 2000, which was three years before the lawsuit was filed.  Defendant also suggests that the complexity of carpal tunnel syndrome and the lack of certainty as to its causes weighed heavily against plaintiff's claim for recovery based on defendant's alleged negligence.

The fact that evidence indicated that plaintiff experienced symptoms before October 29, 2000, did not preclude a finding that plaintiff sustained a new and separate injury to his hands on or about July 2001, after he was assigned to operate the plate jack machine.  As noted above, evidence at trial demonstrated that the problems plaintiff experienced with his hands after he started operating the plate jack machine were markedly different than what he experienced before he was reassigned to operate that machine. Although different inferences could have been made from the evidence that plaintiff experienced symptoms with his hands prior to October 29, 2000, it was not unreasonable, or against the weight of the evidence, for the jury to conclude that plaintiff sustained a new and separate injury after he was assigned to operate the plate jack machine.  Moreover, plaintiff's physicians explained the

5

nature of carpal tunnel syndrome and its treatment, and, based on their treatment of him, opined that his condition was work-aggravated. Contrary to what is suggested by defendant, plaintiff's claim was not that defendant's negligence caused his underlying carpal tunnel syndrome, but that, as a result of defendant's negligence, his pre-existing condition was aggravated so as to require him to seek medical treatment including surgery for the injury. The court believes that the jury's verdict for the plaintiff on his FELA claim was reasonable and in accord with the weight of the evidence.

Defendant also argues that a new trial is appropriate because the amount of the jury's verdict, $353,631.13, reduced for plaintiff's contributory negligence to a net verdict of $286,441.22, was excessive and against the weight of the evidence. In the alternative, defendant moves the court for remittitur of the jury's verdict. Defendant asserts that the evidence of plaintiff's lost wages totaled just under $100,000. According to defendant, the evidence of plaintiff's pain and suffering did not support the difference between the amount of his lost wages and the jury's ultimate verdict.

A damage award must stand unless it is beyond the range supportable by the proof, is so excessive as to shock the conscience, or is the result of mistake. Leila Hosp. & Health Ctr. v. Xonics Med. Sys., 948 F.2d 271, 278 (6th Cir. 1991). Calculating the amount of damages for pain and suffering does not lend itself to the application of a mathematical formula; it requires the application of the jury's best judgment and common sense based on the evidence presented. See Champion v. Outlook Nashville, Inc., 380 F.3d 893 (6th Cir. 2004) (noting that pain and

6

suffering cannot be "mechanistically" measured). Thus, it is not the role of the court to substitute its judgment as to the proper amount of damages for pain and suffering, if such award is supported by proof, does not shock the conscience, and is not the result of a mistake.

As noted by defendant, evidence at trial indicated that plaintiff suffered a loss of earnings of approximately $100,000 due to his injury to his hands and wrists. Evidence also indicated that plaintiff, in an attempt to alleviate the symptoms associated with his injury, endured painful injections into his right hand as well as three surgeries, and that his range of motion and grip strength in his right hand continues to be limited. Based on the evidence presented concerning plaintiff's pain and suffering and loss of earnings, the court concludes that the jury's verdict was reasonable and supported by the evidence. Additionally, nothing suggests that the verdict amount was the result of a mistake. Thus, the amount of the jury's verdict will not be disturbed.

Lastly, the court addresses defendant's challenge to the jury charge as it concerned causation and apportionment of damages. Before the start of trial, the parties submitted proposed jury instructions on the issues of causation and apportionment of damages in a FELA action. Before the jury was charged, a conference was held in which the parties again presented their arguments as to these issues. After duly considering the parties' arguments, the court indicated how it would instruct the jury on the issues of causation and damages, and it explained its reasoning for not instructing the jury in the manner requested by defendant. The court recognized the current debate regarding the proper causation standard in FELA cases but noted that it must adhere to

7

the current state of the law in the Sixth Circuit.  Furthermore, the court found insufficient evidence to support an apportionment instruction that would permit the jury to apportion damages between railroad and non-railroad causes not attributable to plaintiff's contributory negligence.  The court adheres to the reasoning it articulated at the charge conference regarding these issues and therefore finds that the jury instructions were proper.

Accordingly, the court DENIES defendant's posttrial motion for judgment as a matter of law, and/or for a new trial, and/or remittitur (Doc. No. 71).


It is so ORDERED.

                                        s/ James L. Graham
                                        James L. Graham
                                        United States District Judge

Date: August 26, 2009